IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| CHRISTINA TORRES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO.   1:17-cv-215 |
| v. | § | |
| | § | Removed from 197th Judicial District |
| WELLS FARGO BANK, N.A., | § | Court of Willacy County, Texas; |
| | § | Cause No. 2017-CV-0582-A |
| Defendant. | § | |

**DEFENDANT'S NOTICE OF REMOVAL**

TO:   United States District Court
      for the Southern District of Texas
      Brownsville Division
      600 E. Harrison St.
      Brownsville, Texas 78520

      Clerk of Willacy County
      576 West Main Street, Suite 102
      Raymondville, Texas 78580

      David R. Joe
      Anthony & Middlebrook, P.C.
      375 S. 10th Street
      Raymondville, Texas 78580

PLEASE TAKE NOTICE that Defendant Wells Fargo Bank, N.A. ("Defendant") removes this civil action pursuant to 28 U.S.C. §§ 1331, 1332(a) and (c), 1441, and 1446. The specific grounds for removal are set forth below.

I.      **BACKGROUND**

1.      On September 19, 2017, Plaintiff Christina Torres, a former employee of Defendant, filed a civil action against Defendant in the 197th District Court of Willacy County, Texas. The lawsuit is recorded on the docket as Cause No. 2017-cv-0582-A. There are no other parties in the lawsuit.

2.      Defendant was served with a copy of Plaintiff's Original Petition ("Petition") on September 22, 2017.  A copy of the executed process is attached as Exhibit A.  A copy of the Original Petition is also attached as Exhibit B.  As required under 28 U.S.C. § 1446(b), this Notice of Removal is being filed within thirty days after service of the Petition on Defendant, and is therefore timely.

3.      Plaintiff made a jury demand in the Petition.

4.      Defendant filed an Answer on October 10, 2017, a copy of which is attached as Exhibit C.  No orders have been signed by the state court in this matter.  A copy of the docket sheet in the state court action is also attached as Exhibit D.

## II.     THIS CASE IS REMOVABLE BECAUSE THE COURT HAS ORIGINAL JURISDICTION OVER PLAINTIFF'S TITLE VII CLAIMS

1.      Unless Congress expressly provides otherwise, a defendant may remove a state court civil action to federal district court if the district court has original jurisdiction over the action.  *Mercado v. Pyramid Consulting, Inc.*, 2013 WL 2367770, at *1 (N.D. Tex. 2013).  A federal district court has original jurisdiction over civil actions that arise under the United States Constitution, a treaty, or a federal statute.  28 U.S.C. § 1331.

2.      Plaintiff asserts claims only under Title VII, which is a federal statute. (Ex. B ¶¶3, 15.)  Therefore, this Court has original jurisdiction over her claims, and removal is proper. *See Mercado*, 2013 WL 2367770, at *1 (noting that where the plaintiff asserted claims under Title VII, the court's jurisdiction "to entertain this action cannot be seriously questioned.")

## III.    THIS CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

### 1.      The Parties are Citizens of Different States

a.      Diversity of citizenship exists, so as to provide federal-court jurisdiction, where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00.

28 U.S.C. § 1332; *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1330 (5th Cir. 1995). In this case, both the "diversity" and "amount in controversy" requirements are clearly met.

b.    Plaintiff resides in Willacy County, Texas, and has lived there for approximately five and one-half years. (Ex. B at ¶¶1, 9.) Therefore, she is a citizen of Texas. *See Simmonds Equip., LLC v. GGR Int'l, Inc.*, No. CIV.A. H-15-0862, 2015 WL 5089169, at *7 (S.D. Tex. Aug. 27, 2015) ("Citizenship is based on domicile, i.e., where an individual resides and intends to remain.") (citing *Acridge v. Evangelical Lutheran Good Samaritan Society,* 334 F.3d 444, 448 (5th Cir. 2003)).

c.    Defendant is and was as of the date of the filing of the Complaint a National Association, federally chartered with the Office of the Comptroller of Currency of the United States. (Ex. E, Declaration of Wanda Conway ("Conway Decl.") at ¶3.)

d.    For purposes of federal diversity subject matter jurisdiction, a National Association is a citizen of the state in which its main office, as set forth in its articles of association, is located. *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006). Defendant's main office, as set forth in its articles of association, is located in Sioux Falls, South Dakota (not in California as alleged by Plaintiff). (Ex. E at ¶3.) Accordingly, Defendant is a citizen of South Dakota.

e.    As Plaintiff is a citizen of Texas and Defendant is a citizen of South Dakota, this case is "between citizens of different states." *Allen*, 63 F.3d at 1330.

**3.    The Amount in Controversy Exceeds $75,000**

a.    Plaintiff seeks damages for loss of wages and wage earning capacity, loss of income and income opportunities, loss of past and prospective earnings, and mental pain, suffering, and anguish in the past and future. (Ex. B at ¶15.) She seeks back pay and restoration

3

of all benefits and increases in salary to which she would have been entitled if not for the alleged discrimination.   (*Id.*)   She also seeks front pay in lieu of reinstatement, all actual and compensatory damages to which she may be entitled under the law, attorney and experts' fees, and any allowable punitive or exemplary damages.  (*Id.*)

b.      During the one-year period preceding her termination,   Plaintiff earned approximately $28,942.10, or roughly $556.58 per week.  Assuming the trial of this matter would take place within one year of the date her Petition was filed, her potential back pay damages would be $42,299.99.

c.      Because Wells Fargo employs more than 500 employees,[1] Plaintiff may potentially recover up to $300,000  in compensatory and punitive damages—an amount "well above the jurisdictional minimum."  *See Lee v. Dollar Tree Stores, Inc.*, No. CIV.A. H-07-0955, 2007 WL 1481075, at *3 (S.D. Tex. May 21, 2007) (citing *St. Paul Reinsurance Co., Ltd.,* 134 F.3d at 1253 & n. 7; *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005)); 42 U.S.C. § 1981a(b)(3)(D).

d.      Additionally, attorney's fees are recoverable under Title VII, and "the amount in controversy includes those fees."  *H&D Tire & Auto.-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also* 42 U.S.C. § 2000e-5(k).

e.      Courts regularly find that requests for damages and fees similar to Plaintiff's are sufficient to reach the amount-in-controversy threshold.  *See Terrazas v. NCS Pearson, Inc.*, No. CIV. SA-09CV202-XR, 2009 WL 3015208, at *3 (W.D. Tex. Sept. 16, 2009) (noting that requests for past and future mental anguish, past and future lost wages, past and future pecuniary losses, punitive damages, and reasonable attorney's fees have been found sufficient to meet the

---

[1] *See* Ex. E at ¶4.

4

amount-in-controversy for removal purposes); *Acosta v. Drury Inns, Inc.*, 400 F. Supp. 2d 916, 921 (W.D. Tex. 2005) (holding that it was "facially apparent" from the petition that claim exceeded $75,000 where plaintiff sought actual, compensatory, emotional distress, and punitive damages, attorney's fees, and could potentially recover up to $300,000 in punitive damages).

f.      Based on the foregoing, it is apparent: (1) that there is "diversity of citizenship" and (2) that the amount in controversy on Plaintiff's claims exceeds $75,000.00.  Accordingly, this court has diversity jurisdiction under the provisions of 28 U.S.C. § 1332 (a)-(c) and removal jurisdiction pursuant to 28 U.S.C. § 1441.

## IV.      VENUE, NOTICE, AND COMPLIANCE WITH LOCAL RULE 81

1.      Venue is appropriate in this district under 28 U.S.C. § 1446(a) and 28 U.S.C. § 124(b)(4) because this district and division embrace Willacy County, Texas, the place where the removed action has been pending.

2.      Promptly upon the filing of this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Willacy County District Court, Texas, and will serve a copy thereof on Plaintiff through her counsel, pursuant to 28 U.S.C. 1446(d).

3.      Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, Defendant attaches the following to this Notice:

- All executed process (Exhibit A);

- All pleadings, including Plaintiff's Original Petition (Exhibit B) and Defendant's Original Answer (Exhibit C);

- Willacy County District Court Docket Sheet (Exhibit D);

- An index of matters being filed (Exhibit F); and

- List of Counsel of Record (Exhibit G); and

**V.     Conclusion**

1.      Based on the foregoing, this Court has both original federal-question and diversity jurisdiction over this action under 28 U.S.C. §§ 1331 and 1332, and may therefore properly exercise jurisdiction over Plaintiff's claims in this lawsuit.

2.      Should Plaintiff seek to remand this case to state court, Defendant respectfully requests permission to brief and argue the issue of this removal prior to any order remanding this case.   In the event the Court decides remand is proper, Defendant asks the Court to retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Fifth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

3.      Defendant asks that the above-described action pending against it be removed to this Court.   Defendant also requests all other relief, at law or in equity, to which it is justly entitled.

Respectfully submitted,

**SEYFARTH SHAW LLP**

By:     /s/ Alia S. Wynne
         Timothy M. Watson
         State Bar No. 20963575
         S.D. Texas I.D. 12953
         Alia S. Wynne
         State Bar No. 24060860
         S.D. Texas I.D. 679809
         700 Milam Street, Suite 1400
         Houston, Texas  77002-2797
         (713) 225-2300 – Telephone
         (713) 225-2340 – Facsimile
         twatson@seyfarth.com
         awynne@seyfarth.com

         ATTORNEYS FOR DEFENDANT WELLS
         FARGO BANK, N.A.

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record, as listed below, via certified mail, return receipt requested on this the 17th day of October, 2017.

David R. Joe
Anthony & Middlebrook, P.C.
375 S. 10th Street
Raymondville, Texas 78580

/s/ Alia S. Wynne
Alia S. Wynne